Affirmed and Memorandum Opinion filed July 22, 2004









Affirmed and Memorandum Opinion filed July 22, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01169-CR

_______________

 

PATRICK DEAN HANSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_____________________________________________________________

 

On
Appeal from the 339th District Court

Harris County, Texas

Trial
Court Cause No. 938,398

_____________________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Patrick Dean Hanson appeals a conviction for
delivery of a controlled substance[1]
on the ground that the trial court erroneously failed to instruct the jury to
disregard an improper jury argument by the prosecutor.  We affirm.

During the State=s closing
argument in the guilt phase of trial, the following exchange occurred:








THE STATE:        Now,
no matter how you feel about the war on drugs, no matter how you feel about the
drug problem in America, this defendant is not a victim of that drug war.  He=s not a victim of that
drug culture.  There=s no testimony about him
using drugs.  Make no mistake.  This defendant is an opportunist.  He wants to make some quick money.  He saw [the confidential informant].  He saw Agent Jackson.  And he knew they were at Fi-Fi=s house.  So what did he do?  He can sling some dope for some cash,
about 10 percent, and a little on the back end, either dope or money.  And he ran to it.  This is not a case B there=s no law about
entrapment.  This is not some sort of
entrapment. . . .

APPELLANT:      Objection to inserting facts not in
evidence about any reimbursement my client may have received.

THE
COURT:      Sustained . . . .

APPELLANT:      Ask the jury to disregard the prosecutor=s remarks about any gain
my client may have gotten out of this.

THE
COURT:      Overruled.  This is argument.

(emphasis
added).

Appellant contends that the
italicized portion of the prosecutor=s
argument injected new facts because there was no evidence that appellant
actually received ten percent of the value of the cocaine purchased or anything
else of value.  

Permissible jury argument
includes, among other things, reasonable deductions from the evidence.  Rocha v. State, 16 S.W.3d 1, 21 (Tex
Crim. App. 2000).  A professional confidential informant, who was
involved in the transaction (the Atransaction@) for which appellant was arrested,
testified that, as a general matter, large drug dealers commonly use
intermediaries to deal with people whom they don=t know.  The informant further testified that such an
intermediary would collect Aon both ends,@ getting 10 percent from the buyer and drugs or monetary
value from the seller.








The confidential informant and undercover police officer
involved in the transaction each described how appellant acted as an
intermediary in the transaction between them and the drug dealer they had
originally targeted.  Therefore, it was a
reasonable deduction from the evidence that appellant may have received what
the informant had testified that intermediaries typically receive for acting in
that capacity.  Because appellant=s sole point of error thus fails to
demonstrate error by the trial court in giving the jury no instruction to
disregard this argument, it is overruled, and the judgment of the trial court
is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment
rendered and Memorandum Opinion filed July 22, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
found appellant guilty and assessed punishment of thirty-seven years
confinement and a $2500 fine.